**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHRISTOPHER SCAGLIONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 8:15-cv-1483 |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, CHRISTOPHER SCAGLIONE ("Plaintiff"), through his attorneys, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### INTRODUCTION

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

### PARTIES

4. Plaintiff is a natural person at times relevant residing in Easton, Maryland.

5. Plaintiff owes or allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity incorporated in Delaware with an office located at

6330 Gulfton St, Houston, Texas 77081.

7.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

8.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.     Prior to the filing of this action, an account was placed with Defendant to collect funds from Plaintiff which were alleged to be owed and past due ("debt").

10.    The alleged debt arises from transactions which were for personal, family, or household purchases as that is the type of debt Plaintiff allegedly owes.

11.    Defendant placed telephone calls to Plaintiff to attempt to collect the alleged debt.

12.    In connection with the collection of the alleged debt, Defendant placed a telephone call to Plaintiff within a year of the filing of this action and left the following voice message:

> Hi this message is for Christopher Scaglione, my name is Richard Contreras, I would appreciate you calling me back. You can reach me at 866-391-0768, extension 5096. Thank you.

13.    The purpose of the aforementioned voice message was to attempt to collect the alleged debt.

14.    Defendant did not, through its messages, disclose Defendant's identity.

15.    Defendant did not, through its messages, state its name.

16.    Defendant did not, through its messages, state its agents' duties, role or position.

17.    Defendant did not, through its messages, state the nature of its business.

18.    Defendant did not, through its messages, disclose that it was a debt collector.

19.    Defendant did not, through its messages, disclose that the purpose of its calls was to

collect a debt.

20. Defendant, through its messages, withheld its name to deceive Plaintiff as to Defendant's true identity.

21. Defendant, through its messages, withheld the nature of its call to deceive Plaintiff as to Defendant's true purpose to collect funds from Plaintiff

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

   a) Defendant violated § 1692d(6) of the FDCPA by failing to provide Plaintiff with its identity in its messages for Plaintiff; and

   b) Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its messages that it is a debt collector.

WHEREFORE, Plaintiff, CHRISTOPHER SCAGLIONE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

25. Any other relief that this Honorable Court deems appropriate.

Dated: May 22, 2015                           RESPECTFULLY SUBMITTED,


By: /s/ Michael A. Siddons
    Michael Siddons
    Michael A. Siddons, Esquire
    The Law Office of Michael Alan Siddons, Esquire
    230 N. Monroe Street
    PO Box 403
    Media, PA 19063